# EXHIBIT 4

ADRIAN MENDOZA

v.

MID-CENTURY INSURANCE COMPANY; FARMERS INSURANCE EXCHANGE;  DOES I through X; and ROE CORPORATIONS XI through XX, inclusive,

Case No. To be determined

DEFENDANTS' EXHIBITS TO PETITION FOR REMOVAL

# EXHIBIT 4

FIRST AMENDED COMPLAINT FILED BY PLAINTIFF IN CLARK COUNTY, NEVADA, EIGHTH JUDICIAL DISTRICT COURT, CASE NUMBER A-17-763574-C

ACOM
JOSEPH M. ORTUNO, ESQ.
Nevada Bar No. 11233
**EDWARD M. BERNSTEIN & ASSOCIATES**
500 South Fourth Street
Las Vegas, Nevada 89101
Tel.:   (702) 471-5635
Fax:   (702) 385-4640
E-Mail: jortuno@edbernstein.com
*Attorneys for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

*****

| | |
|---|---|
| ADRIAN MENDOZA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MID-CENTURY INSURANCE COMPANY; FARMERS INSURANCE EXCHANGE; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO.: A-17-763574-C<br>DEPT. NO.: XII |

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff ADRIAN MENDOZA, by and through his counsel of record, JOSEPH M. ORTUNO, ESQ., of the law firm of Edward M. Bernstein & Associates, and for his causes of action against Defendants, and each of them, alleges as follows:

### GENERAL ALLEGATIONS

1.  At all times mentioned herein, Plaintiff, ADRIAN MENDOZA ("Plaintiff"), was, and is, a resident of Clark County, Nevada.

2.  Plaintiff is informed and believes, and thereon alleges that Defendant, MID-CENTURY INSURANCE COMPANY ("Defendant Insurance Company" or "FARMERS"), at all times mentioned herein, was and is an insurance company duly licensed to transact business as an automobile insurer within the State of Nevada.

EDWARD M.
BERNSTEIN
& ASSOCIATES
TORNEYS AT LAW
)0 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

1

Case Number: A-17-763574-C

3.      Plaintiff is informed and believes, and thereon alleges that Defendant, FARMERS INSURANCE EXCHANGE ("Defendant Insurance Company"), at all times mentioned herein, was and is an insurance company duly licensed to transact business as an automobile insurer within the State of Nevada.

4.      The true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of DOES I through X and ROE CORPORATIONS XI through XX are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and therefore and thereon alleges that each of the Defendants designated as a DOES and ROE CORPORATIONS are responsible for the events and happenings referred to herein and caused the injuries and damages suffered by the Plaintiff as alleged below.  The legal responsibility of said DOES and ROE CORPORATIONS arise out of their issuance of a policy of insurance containing Underinsured Motorist Coverage and other compensable insurance coverages payable to Plaintiff as a result of the damages and injuries sustained in the collision described herein.  Plaintiff will ask leave of this Court to amend the Complaint, to insert the true names and capacities of said fictitiously named Defendants when the same have been ascertained together with the appropriate charging allegations.  Specifically, Plaintiff alleges that one or more of the DOES and ROE CORPORATIONS Defendants is liable to Plaintiff for benefits under her underinsured motorist coverage policy of insurance, responsible for evaluation of Plaintiff's underinsured motorist claim, and/or responsible for the decision to pay or deny Plaintiff's underinsured motorist claim.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

5.      Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 4 of this Complaint, and incorporates the same by reference as though fully set forth at length herein.

6.      On or about March 15, 2016, Plaintiff was operating Plaintiff's 2014 Ford vehicle ("Plaintiff's vehicle) and was traveling eastbound on the I-215 approaching the I-215/Aliante Parkway off ramp.

7.      At said time and place, non-party Eileen Gonzalez (hereinafter may be referred to as "Gonzalez") was the operator of a 2015 Toyota vehicle ("Gonzalez's vehicle") and was travelling westbound on the I-215, in the #1 travel lane, approaching the I-215/Aliante Parkway off ramp.

8.      At said time and place, non-party Anthony Willis ("Willis") was the operator of a 2001

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

2

1  Mitsubishi vehicle ("Willis' vehicle") and was also travelling westbound on the I-215 approaching the I-
2  215/Aliante Parkway off ramp, in the #2 travel lane, slightly ahead of Gonzalez's vehicle.

3    9. At said time and place, Gonzalez, who had been driving erratically and recklessly, made an
4  abrupt and improper u-turn in front of Willis's vehicle, causing the driver's side of Gonzalez's vehicle to strike
5  the right front of Willis' vehicle. Gonzalez's vehicle then crashed into the front of Plaintiff's vehicle in a violent
6  head on collision.

7    10. At said time and place, Eileen Gonzalez, was negligent, careless, and reckless and otherwise in
8  violation of the Nevada Revised Statutes by her failure to use due care, failure to yield the right of way and
9  failure to obey a traffic control signal.

10   11. Eileen Gonzalez's acts and omissions at the time of the collision described herein complained
11 of and immediately prior thereto constitute negligence and carelessness.

12   12. Eileen Gonzalez's negligence was the proximate cause of Plaintiff's damages as herein alleged.

13   13. As a direct and proximate result of the negligence and carelessness of Eileen Gonzalez,
14 Plaintiff sustained injuries and suffered great pain.

15   14. As a further direct and proximate result of Eileen Gonzalez's negligence, Plaintiff incurred
16 expenses for medical care and treatment, and expenses incidental thereto for necessary treatment and Plaintiff
17 may be required in the future to incur expenses for medical care and treatment.

18   15. As a direct and proximate result of the collision described herein, Plaintiff has incurred injuries,
19 all or some of which conditions will be permanent and disabling in nature, aggregating to his general and
20 compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

21   16. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has
22 incurred and will incur in the future, loss of income and earning capacity.

23   17. At the time of the collision described herein, Eileen Gonzalez was insured through State Farm
24 Mutual Automobile Insurance Company ("State Farm") and carried bodily injury liability limits of $15,000.00.
25 State Farm has paid the full policy limits of $15,000.00 to Plaintiff for the injuries and damages he sustained in
26 this accident.

27   18. On or about March 15, 2016, Plaintiff had in full force and effect an automobile insurance
28 policy, No. 19371-10-79, (the "Policy") issued by Defendant Insurance Company, which provided, among

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

3

other things, but was not limited to, uninsured/underinsured motorist coverage for Plaintiff's 2014 Ford vehicle with bodily injury limits of $100,000.00 per person.

19. As of the filing of Plaintiff's Complaint, Defendant Insurance Company has failed to make any reasonable offer to settle Plaintiff's claims under the Policy.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

20. Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 19 of this Complaint, as though the same were fully set forth herein.

21. On or about August 31, 2016, Plaintiff submitted a claim and demand to Defendant Insurance Company for the full measure of the underinsured motorist benefits provided under the Policy.

22. Plaintiff has complied with all terms and conditions of the Policy issued by Defendant Insurance Company.

23. Defendant Insurance Company has failed and refused to perform its contractual obligation to Plaintiff under provisions of the Policy by failing to make an adequate settlement offer.

24. By reason of the breach of contract by Defendant Insurance Company, Plaintiff sustained damages in excess of Fifteen Thousand Dollars ($15,000.00), but not to exceed Seventy-Five Thousand Dollars ($75,000.00).

25. Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees, costs of suit incurred herein, and interest.

## SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

26. Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 25 of this Complaint, as though the same were fully set forth herein.

27. Following submission of Plaintiff's claim for payment of the full measure of underinsured motorist benefits provided under the Policy, Defendant Insurance Company's claims representatives have refused to act in good faith, submitting inadequate settlement offers without response to Plaintiff's request for an explanation of the bases for Defendant Insurance Company's offers.

28. Defendant Insurance Company's claims representatives have consistently refused to consider the true nature and extent of Plaintiff's losses and, without proper explanation, failed to make a

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
00 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

4

reasonable settlement offer under the provisions of the Policy.

29. Issuance by Defendant Insurance Company of the Policy to Plaintiff created a contractual duty on the part of Defendant Insurance Company.

30. Defendant Insurance Company, through its claims representatives, has acted willfully, fraudulently, intentionally, and in bad faith in refusing to consider the true nature and extent of Plaintiff's damages and in failing to make a reasonable settlement offer. This was done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due Plaintiff under the terms of the Policy.

31. By refusing to consider the true nature and extent of Plaintiff's damages, Defendant Insurance Company's claims representatives intentionally failed to determine whether there was any legitimate or arguable reason for refusing to pay Plaintiff a reasonable amount under his underinsured motorist limits.

32. Defendant Insurance Company's intentional refusal to pay Plaintiff's valid claim was a breach of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the Policy.

33. Defendant Insurance Company's conduct in refusing to pay Plaintiff's valid claim in full was malicious, fraudulent, oppressive, and otherwise reflected a conscious disregard for Plaintiff's rights.

34. As a proximate result of Defendant Insurance Company's refusal to pay Plaintiff's valid claim in full, Defendant Insurance Company is liable to Plaintiff for damages for delay in the resolution of Plaintiff's claim, the emotional distress involved, all general and compensatory damages incident thereto, all in an amount in excess of Fifteen Thousand Dollars ($15,000.00), but not to exceed Seventy-Five Thousand Dollars ($75,000.00).

35. Plaintiff has had to retain the services of an attorney to prosecute this matter and is entitled to an award of reasonable attorneys' fees, costs of suit and interest.

### THIRD CAUSE OF ACTION
(Violation of the Unfair Claims Practices Act)

36. Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 34 of this Complaint, as though the same were fully set forth herein.

37. In refusing to consider the true nature and extent of Plaintiff's damages and in rejecting

Plaintiff's demand for settlement under his underinsured motorist policy, Defendant Insurance Company, through its claims representatives, acted in violation of known statutory, regulatory and legal duties by *inter alia* engaging in the following unfair claims practices in violation of NRS § 686A.310:

(a) Failing to effectuate prompt, fair and equitable settlement of Plaintiff's claim where the liability of Defendant Insurance Company was clear;

(b) Compelling Plaintiff to institute litigation to recover amounts due him under the Policy by offering substantially less than the amounts ultimately recovered in actions brought by similarly situated insureds; and

(c) Failing to provide promptly to Plaintiff a reasonable explanation of the basis, with respect to the facts of the claim and applicable law, for the unrealistic offer to settle Plaintiff's claim.

38. By reason of the afore-described breach of statutory duties by Defendant Insurance Company, Plaintiff has sustained general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), but not to exceed Seventy-Five Thousand Dollars ($75,000.00).

39. Plaintiff has had to retain the services of an attorney to prosecute this matter and is entitled to an award of reasonable attorneys' fees, costs of suit and interest.

40. The amount in controversy for all three causes of action combined is less than $75,000.00.

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, as follows:

1. That this Court direct Defendant Insurance Company to pay Plaintiff a fair and equitable amount under his underinsured motorist limits;

2. For actual, general and compensatory damages in excess of Fifteen Thousand Dollars ($15,000.00);

3. Damages for past, present, and future medical care and treatment and costs incidental thereto when the same have been fully ascertained;

4. Damages for loss of earnings and diminished future earnings capacity when the same have been fully ascertained;

5. For attorneys' fees, court costs, and interest; and

...

...

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

6

1  6. For such other and further relief as the Court deems proper under the circumstances.

2  DATED this 20th day of November, 2017.

EDWARD M. BERNSTEIN & ASSOCIATES

By: _____
JOSEPH M. ORTUNO, ESQ.
Nevada Bar No. 11233
500 South Fourth Street
Las Vegas, Nevada  89101
*Attorneys for Plaintiff*

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

7