UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN MENDOZA,<br><br>               Plaintiff,<br><br>v.<br><br>MID-CENTURY INSURANCE COMPANY;<br>FARMERS INSURANCE EXCHANGE;<br>DOES I through X; and ROE<br>CORPORATIONS XI through XX, inclusive,<br><br>               Defendants. | Case No. 2:17-cv-03105-APG-VCF<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>(ECF No. 7) |

      The defendants removed this case to federal court on September 18, 2017. ECF No. 1. The complaint states that plaintiff Adrian Mendoza has been damaged "in an amount . . . less than Seventy-Five Thousand Dollars ($75,000)." ECF No 1-4 at 5-7. Thus, I ordered the defendants to show cause why this case should not be remanded to state court because the amount at issue does not meet this court's jurisdictional amount. ECF No. 6. Subsequently, plaintiff Adrian Mendoza moved to remand the case. ECF No. 7. The defendants respond that I am not bound by the statements in the complaint that Mendoza's damages are under $75,000, and they contend that Mendoza's $100,000 demand letter reflects the true value of this case.

      Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Remand is required if the court lacks subject matter

jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("[R]emand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure.").

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). Broad allegations that the jurisdictional amount is met, "although attempting to recite some magical incantation, neither overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $75,000." *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 689 (9th Cir. 2006) (emphasis and quotation omitted); *see also Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent." (internal quotations and citation omitted)).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.,* 3:12-cv-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (citing *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061–1062 (11th Cir. 2010) (internal quotation marks omitted); *see also Ashcroft v. Iqbal,* 556 U.S. 662,

679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").

Here, there is considerable doubt as to the defendants' right to remove this case because it appears highly unlikely that the amount in controversy exceeds $75,000. Mendoza alleges that he suffered injuries in an automobile accident. ECF No. 1-4. Mendoza has already recovered $15,000 from the tortfeasor's insurer. *Id.* at 4. The defendants offer no evidence about Mendoza's medical bills or lost wages.

Mendoza's complaint asserts three claims for relief, each seeking between $15,000 and $75,000. The defendants improperly attempt to lump those together to say that the amount in controversy must exceed $75,000. But Mendoza has pleaded some of those claims in the alternative and, regardless, he is entitled to only one recovery for his damages. Most importantly, Mendoza's complaint states that "[t]he amount in controversy for all three causes of action combined is less than $75,000." ECF No. 1-4 at 7.

The defendants contend a large punitive damages award is possible even if the compensatory damage award is small. However, under that analysis, I would have to hold that every (or nearly every) insurance bad faith lawsuit seeking extra-contractual or punitive damages satisfies the $75,000 jurisdictional threshold. That runs contrary to well-established law regarding removal. And again, Mendoza specifically admits in his complaint that, even counting his punitive damages claim, he seeks less than $75,000. *Id.*

The defendants attempt to downplay the importance of this admission by citing to a pre-litigation settlement letter from Mendoza's counsel that demanded the full policy limit of $100,000. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The defendants offer nothing to suggest that the $100,000 demand is a reasonable estimate of Mendoza's claim. And it could be that Mendoza later reexamined his position and decided that the claim was not worth $100,000. Regardless, it does not appear to be a reasonable estimate to me.

Based on my judicial, legal, and practical experience and common sense, I find that the defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061—1062; *Iqbal,* 556 U.S. at 679. I must remand this action to state court.

IT IS THEREFORE ORDERED the plaintiff's motion to remand **(ECF No. 7) is GRANTED**. This case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated this 31st day of January, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE